**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**IN RE SUBPOENA TO CASSIDY HUTCHINSON**

UNDERLYING ACTION:

PRESIDENT DONALD J. TRUMP

Plaintiff,

v.

BRITISH BROADCASTING CORPORATION a/k/a BBC

Defendant.

Case No. 1:25-CV-25894-RKA (S.D. Fla.)

Misc. No. _____

**NONPARTY CASSIDY HUTCHINSON'S MOTION TO QUASH SUBPOENA**

Nonparty Cassidy Hutchinson, pursuant to Rules 45 and 26 of the Federal Rules of Civil Procedure, respectfully moves this Court for an order quashing the subpoena for deposition testimony issued to her on July 27, 2026, in connection with *Trump v. British Broadcasting Corp.*, 1:25-CV-25894-RKA (S.D. Fla.) (the "Issuing Court").[1]

As set forth in the accompanying Memorandum of Law, the subpoena seeks testimony that is irrelevant to any party's claim or defense, subjects Ms. Hutchinson to undue burden because her testimony would be unreasonably cumulative and duplicative of over 30 hours of publicly

[1] The subpoena seeks to compel Ms. Hutchinson's appearance in this District on August 13, 2026, but was extended by agreement of counsel to August 20, 2026. *See* Exhibit 1, attached hereto (the "Subpoena"). This Motion is timely. Pursuant to Federal Rule of Civil Procedure 45(f), the movant nonparty Cassidy Hutchinson ("Ms. Hutchinson") hereby consents to the transfer of this motion to the Issuing Court, which has been actively adjudicating discovery disputes in the underlying matter.

available congressional testimony, and would subject her to oppression and harassment given her status as a nonparty currently under politicized scrutiny and criminal investigation for her prior testimony regarding the events of January 6th.

The specific points of law and authority supporting this Motion are set forth in the accompanying Memorandum. A proposed order is attached hereto.

Dated: August 20, 2026

Respectfully submitted,

/s/ Edward T. Kang
Edward T. Kang (D.C. Bar No. 1011251)
**ALSTON & BIRD LLP**
950 F Street NW
Washington, DC 20004-1404
Telephone: (202) 239-3300
Edward.Kang@alston.com

Christina Hull (Georgia Bar No. 232539)
**ALSTON & BIRD LLP**
1201 West Peachtree Street
Atlanta, GA 30309
Telephone: (404) 881-4496
Christy.hull@alston.com
LEAD COUNSEL
*Pro hac vice to follow*

Alberto Bufalino (New York Bar No. 6272827)
**ALSTON & BIRD LLP**
90 Park Ave
New York, NY 10016
Telephone: (212) 905-9361
Alberto.bufalino@alston.com
*Pro hac vice to follow*

*Counsel for Cassidy Hutchinson*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**IN RE SUBPOENA TO CASSIDY HUTCHINSON**

Misc. No. _____

UNDERLYING ACTION:

PRESIDENT DONALD J. TRUMP

Plaintiff,

v.

BRITISH BROADCASTING CORPORATION a/k/a BBC

Defendant.

Case No. 1:25-CV-25894-RKA (S.D. Fla.)

**MEMORANDUM IN SUPPORT OF NONPARTY**
**CASSIDY HUTCHINSON'S MOTION TO QUASH SUBPOENA**

# TABLE OF AUTHORITIES

**CASES** **PAGE(S)**

*Blasket Renewable Invs., LLC v. Spain*,
2026 U.S. Dist. LEXIS 137920 (D.D.C. June 22, 2026) ........................................................3

*Breiterman v. United States Capitol Police*,
323 F.R.D. 36 (D.D.C. 2017)..................................................................................................2

*Canal Ins. Co. v. Baca*,
2026 U.S. Dist. LEXIS 171303 (D.D.C. July 31, 2026).........................................................3

*Jiang v. NVIDIA Corp.*,
2026 U.S. Dist. LEXIS 77827 (D.D.C. Apr. 9, 2026) ............................................................3

**Phillips & Cohen, LLP v. Thorpe*,
300 F.R.D. 16 (D.D.C. 2013)...............................................................................................3, 5

*Seattle Times Co. v. Rhinehart*,
467 U.S. 20, 104 S. Ct. 2199 (1984)........................................................................................6

**Smartmatic USA Corp. v. My Pillow Inc.*,
2024 U.S. Dist. LEXIS 199801 (D.D.C. Aug. 22, 2024) ....................................................4, 5

**Wyatt B. v. Kotek (In re Non-Party Subpoena to the Ctr. for the Study of Soc. Policy)*,
659 F. Supp. 3d 54 (D.D.C. 2023) ......................................................................................3, 5

**RULES**

Fed. R. Civ. P. 26 .......................................................................................................... *passim*

Fed. R. Civ. P. 45 ...................................................................................................1, 2, 3, 5

**STATUTES**

Florida Deceptive and Unfair Trade Practices Act .............................................................1

## PRELIMINARY STATEMENT REGARDING TRANSFER

This Motion to Quash ("Motion") arises from the issuance of a Subpoena for testimony issued to nonparty Cassidy Hutchinson ("Ms. Hutchinson") from the U.S. District Court for the Southern District of Florida, Case No. 1:25-CV-25894-RKA (S.D. Fla.) ("Issuing Court"), Judge Altman and Magistrate Judge Lett presiding. The subpoena seeks to compel Ms. Hutchinson's appearance in this District on August 13, 2026, but was extended by agreement of counsel to August 20, 2026. *See* Exhibit 1, attached hereto (the "Subpoena"). This Motion is timely.

Pursuant to Federal Rule of Civil Procedure 45(f), the movant nonparty Cassidy Hutchinson ("Ms. Hutchinson") hereby consents to the transfer of this motion to the Issuing Court, which has been actively adjudicating discovery disputes in the underlying matter.

## INTRODUCTION

Pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure, the subpoena served on Ms. Hutchinson, a nonparty, should be quashed. First, the Subpoena seeks testimony that is not relevant to the claims of this case as limited by the Issuing Court. Moreover, the Subpoena presents an undue burden on Ms. Hutchinson under Rule 45(d)(3)(A)(iv) for a host of reasons within the governing factors that the Court must weigh, including that the testimony would be unreasonably cumulative or duplicative, is obtainable from some other source that is less burdensome and expensive, and that its burden outweighs its likely benefit, taking into account the needs of the case, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. *See Phillips & Cohen, LLP v. Thorpe,* 300 F.R.D. 16, 18 (D.D.C. 2013). Finally, good cause exists to quash the Subpoena to protect Ms. Hutchinson from "annoyance, embarrassment or oppression" under Rule 26(c).

## RELEVANT BACKGROUND

At the root of this action is an allegedly "false, defamatory, deceptive, disparaging, inflammatory, and malicious depiction of President Trump" published in a BBC *Panorama* documentary (the "Documentary"). Amended Complaint ¶ 1, attached hereto as Exhibit 2. The Documentary was broadcast on October 28, 2024, one week before the 2024 Presidential Election. *Id.* The President alleges that Defendant "intentionally and maliciously sought to fully mislead its viewers" by "splicing" two portions of the Speech that were nearly 55 minutes apart—"*We're going to walk down to the Capitol and I'll be there with you*" and "*And we fight. We fight like hell and if you don't fight like hell, you're not going to have a country anymore*"—to make it "seem that President Trump explicitly called for violent action and rioting." *Id.* ¶¶ 2, 6, 53. Plaintiff further alleges that the Documentary omitted President Trump's statement to march to the Capitol building "peacefully and patriotically" and featured an overwhelming amount of anti-Trump commentary. *Id.* ¶¶ 54, 86–98. Plaintiff Trump brought forth claims alleging defamation *per se* and a violation of the Florida Deceptive and Unfair Trade Practices Act. *Id.* ¶¶ 134–163.

It is apparent that in litigating this matter, the parties have fundamentally disagreed on the proper scope of discovery. *See* Discovery Hearing Order, ECF No. 120, attached hereto as Exhibit 3. Defendant issued subpoenas on 47 third parties, including Ms. Hutchinson. *Id.* at 3. Defendant contended that "President Trump's mindset or subjective intent" in giving the Speech is central to the falsity element of his defamation claim. *Id.* at 8. Rebutting this argument, Plaintiff Trump asserted that "carte-blanche discovery" was not necessary and analysis into falsity had already been established given a previous apology from the BBC Chairman to President Trump. *Id.* at 9.

In resolving this dispute, Judge Lett held that:

> Defendant is entitled to discover the contours of the message and impression. For example, whether that impression was given or received; if that impression was given or received, whether

> President Trump gave it intentionally or otherwise; the breadth of the audience of the message and impression; and the extent of any resulting injury or harm, among some examples.

*Id.*

Ms. Hutchinson is not a proper vehicle for Defendant's stated theory of discovery. Ms. Hutchinson has already given several days of exhaustive testimony before the United States House Select Committee to Investigate the January 6th Attack on the United States Capitol (herein the "Select Committee"), testifying to the absolute limits of her knowledge about the events of that day. That testimony is fully available to the public, including Defendant in this case. There is simply nothing left to extract. Ms. Hutchinson has no unique, noncumulative knowledge of the Speech or President Trump's subjective intent beyond her extensive testimony already captured in the public congressional record. Per that testimony, she did not write or assist in the drafting of the Speech. She had never seen a draft of the Speech. She was not privy to any conversations about the Speech. She did not have any conversations with the President about January 6th.

Defendant's subpoena is thus not about the Documentary or the discoverable issues as articulated by the District Court. It is an attempt to re-litigate the evidentiary record of what happened on January 6th—a subject far beyond the scope of discovery in this case. Judge Lett has made clear that "the Complaint does not extend so far as to entitle Defendant to relitigate and discover every aspect of the events of January 6, 2021 and seek discovery from any and all individuals who may have knowledge regarding the day's events." Ex. 3 at 11.

That is exactly what Defendant is trying to do.

## <u>ARGUMENT</u>

The Court must quash or modify a subpoena that "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). In determining the existence of an undue burden, this court "employ[s] a balancing test, weighing the burdensomeness to the moving party against the deponent's need

for, and the relevance of, the information being sought." *Breiterman v. United States Capitol Police,* 323 F.R.D. 36, 53 (D.D.C. 2017). The Court may apply the following factors to the balancing test:

> Whether the discovery is unreasonably cumulative or duplicative; whether the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive; and whether the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

*Phillips & Cohen, LLP v. Thorpe,* 300 F.R.D. 16, 18 (D.D.C. 2013).

The Court must also consider whether the subpoena is directed at a nonparty. This factor is "entitled to special weight in evaluating the balance of competing needs in the Rule 45 inquiry." *Wyatt B. v. Kotek (In re Non-Party Subpoena to the Ctr. for the Study of Soc. Policy),* 659 F. Supp. 3d 54, 60 (D.D.C. 2023).

Rule 45 subpoenas "may only be used to compel production of information that is discoverable under Rule 26." *Jiang v. NVIDIA Corp.,* 2026 U.S. Dist. LEXIS 77827, at *6 (D.D.C. Apr. 9, 2026). Therefore, the discovery sought must be "relevant to any party's claim or defense and proportional to the needs of the case, considering, among other factors, the importance of the discovery in resolving the issues." *Canal Ins. Co. v. Baca,* 2026 U.S. Dist. LEXIS 171303, at *8 (D.D.C. July 31, 2026); Fed. R. Civ. P. 26(b)(1). While relevance is liberally construed, it is not "so liberal as to allow a party to roam in shadow zones of relevancy and to explore matter which does not presently appear germane on the theory that it might conceivably become so." *Id.* If a subpoena is used to compel "disclosure of information that is not properly discoverable" then it imposes an undue burden on the recipient. *Jiang,* 2026 U.S. Dist. LEXIS 77827, at *7; *see also Blasket Renewable Invs., LLC v. Spain,* 2026 U.S. Dist. LEXIS 137920, at *5 (D.D.C. June 22,

2026) ("by definition, a Rule 45 subpoena that seeks irrelevant information imposes an undue burden on its recipient").

## I. *Not Relevant*: The Claims of This Case Are Outside the Scope of Ms. Hutchinson's Knowledge

Because Ms. Hutchinson has no knowledge of the events alleged in the Complaint, her subpoena must be quashed as a matter of law. Ms. Hutchinson does not have any personal or direct knowledge regarding the contours of the Speech. *See Smartmatic USA Corp. v. My Pillow Inc.,* 2024 U.S. Dist. LEXIS 199801, at *11 (D.D.C. Aug. 22, 2024) (finding that a third-party recipient's deposition testimony was irrelevant because he had no knowledge "regarding the allegedly defamatory statements at issue"). Thus, her testimony would not be relevant to any claim or defense in this action.

The limited scope of Ms. Hutchinson's knowledge was established under oath before the Select Committee. *See Interview of Cassidy Hutchinson: Hearing Before the H. Select Comm. to Investigate the Jan. 6th Attack on the U.S. Capitol*, 117th Cong. (Feb. 23, 2022) (herein referred to as "Hutchinson Tr. (Feb. 23)"). She testified that she had no role in speech writing and was not involved in drafting the Speech. *Id.* at 75:11–14. When asked whether she knew who drafted the Speech, she testified "I would assume the speech writing team." *Id.* at 76:2–10. Eric Herschmann—former Senior Advisor to President Trump—was the only person that Ms. Hutchinson had any conversations with "about the contents of the speech." Hutchinson Tr. (June 20, 2022) at 54:1–11. As Ms. Hutchinson has no knowledge regarding the contours of the Speech, her deposition testimony would not satisfy the relevancy requirements of Rule 26.

In addition, Ms. Hutchinson cannot testify as to President Trump's subjective mental impressions. In her previous testimony before the Select Committee she admitted to not having an understanding of President Trump's mental state and intentions. Hutchinson Tr. (Feb. 23, 2022) at

66:6–11 ("I don't think -- I don't think I'm -- I don't think I can speak to that. I think that's a question better suited for Mr. Trump -- or Mr. Trump to answer himself"); *id.* at 63:15–19 ("I'm not sure the President's mindset or what he anticipated happening specifically"). Further, Ms. Hutchinson did not speak to the President on the morning of the rally and had no recollection of whether she had spoken to the President "before January 6th about his expectations for the rally." *Id.* at 23. Ms. Hutchinson was not "privy" to what the President intended to do "when he got to the Capitol on the 6th." *Id.* at 95:6–8.

Ms. Hutchinson has no knowledge about the core issues of this case: the Speech and President Trump's mental impressions surrounding it. That she is an "individual who may have knowledge of the day's events" is not enough under the Issuing Court's discovery order. Ex. 3 at 11. Moreover, whatever Ms. Hutchinson knew about January 6th is fully available to Defendant as a matter of public record. As such, the Subpoena must be quashed under the relevancy requirement of Rule 26.

## II. ***Undue Burden*: Ms. Hutchinson Has Already Provided Extensive Public Testimony to the January 6th Committee that Would Be Cumulative and Duplicative Here**

Even assuming Ms. Hutchinson's testimony has marginal relevance to the issues central to this case, the subpoena should nonetheless be quashed as unduly burdensome under Rule 45. As a nonparty, Ms. Hutchinson is entitled to special weight in the Court's undue burden analysis. *See Wyatt B.,* 659 F. Supp. 3d at 60. It is evident that the requested testimony from Ms. Hutchinson is "unreasonably cumulative or duplicative" and is easily obtainable from other sources that are "more convenient, less burdensome, or less expensive[.]" *See Phillips & Cohen, LLP,* 300 F.R.D. at 18.

Congress has already examined Ms. Hutchinson at length. She sat for six closed-door transcribed interviews before the Select Committee—on February 23, March 7, May 17, June 20,

September 14, and September 15, 2022—and also testified publicly at the Committee's June 28, 2022 hearing. In total, those appearances spanned more than 30 hours of testimony. Ms. Hutchinson has already testified to the full extent of her knowledge regarding January 6th. Defendant's proposed examination would add nothing new to the record. Any further examination of Ms. Hutchinson on those same issues would be cumulative, duplicative, and unduly burdensome.

Requiring Ms. Hutchinson, a nonparty with no stake in this litigation, to sit for yet another deposition about the same events years later would impose a significant undue burden. Defendant already has a clear alternative means of obtaining the full scope of Ms. Hutchinson's knowledge concerning January 6th: the publicly released transcripts reflecting more than 30 hours of on-the-record testimony. On that basis, the Subpoena must be quashed.

### III. *Protection Warranted*: The Subpoena Should Be Quashed Because It Would Subject a Nonparty to Oppressive and Unduly Burdensome Reexamination of Politically Charged Testimony

Rule 26(c) authorizes the Court, for good cause, to protect a person from "annoyance, embarrassment or oppression[.]" Rule 26(c) encompasses "privacy" or "other rights or interests that may be implicated[.]" *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 35 n.21 (1984) (upholding protective order where disclosure of discovery materials risked harassment and reprisals against nonparties). There can be no question that requiring Ms. Hutchinson to testify again about January 6th would subject her to annoyance, embarrassment, and oppression. It would reopen testimony that has already made her the target of political harassment by the President and his followers, calls for prosecution, and criminal scrutiny under the current administration.

The public record demonstrates good cause to protect Ms. Hutchinson against the oppression and undue burden that would result from compelled additional testimony about January 6th in a civil defamation case. As revealed by her congressional testimony, Ms. Hutchinson was

afraid that if she testified about the events of January 6th, people close to the President would "ruin [her] life." Hutchinson Tr. (Sept. 14, 2022) at 32:16–17. Ms. Hutchinson was fearful that her testimony would lead to the end of her career. *Id.* at 66:15–22 ("I think some of it is unique to Trump world, the level they'll go to tear somebody else down. And I was scared of that"). During and immediately after her June 28, 2022 testimony, President Trump used Truth Social to attack her personally, calling her a "total phony," a "leaker," a "third rate social climber," a "bull…. artist," and a "Whacko."[1] Ms. Hutchinson's character, credibility, demeanor, and mental stability were attacked in real time while she was serving as a congressional witness.[2] As stated in her autobiography, *Enough*, Ms. Hutchinson's safety was sufficiently at risk to merit escorts by

---

[1] Donald J. Trump (@realDonaldTrump), Truth Social (June 28, 2022 2:02 PM) https://truthsocial.com/@realDonaldTrump/108556410689094582.


1946 replies

Donald J. Trump
@realDonaldTrump

I hardly know who this person, Cassidy Hutchinson, is, other than I heard very negative things about her (a total phony and "leaker"), and when she requested to go with certain others of the team to Florida after my having served a full term in office, I personally turned her request down. Why did she want to go with us if she felt we were so terrible? I understand that she was very upset and angry that I didn't want her to go, or be a member of the team. She is bad news!

**7.15k** ReTruths **25.6k** Likes Jun 28, 2022, 2:02 PM

[2] *See* Nikki McCann Ramirez, *Trump Melts Down on Truth Social over Jan. 6 Hearing*, Rolling Stone (June 28, 2022); Philip Bump, *Cassidy Hutchinson's Testimony Was Unique. The Aftermath Hasn't Been.*, Wash. Post (June 29, 2022).

uniformed Capitol Police, plainclothes agents for air travel, and City of Atlanta police in the summer of 2022.[3]

Ms. Hutchinson has not just faced public ridicule and shaming by the President, who is the Plaintiff in this action. He has publicly solicited her criminal prosecution "for what she did and said" in her prior testimony:




Donald J. Trump (@realDonaldTrump), Truth Social (Mar. 18, 2024, 10:55 AM) https://truthsocial.com/@realDonaldTrump/posts/112117265391620612.

Prosecution (and further persecution) for her past testimony is not merely speculative. It is a present looming threat. On information and belief, the Justice Department assigned its Civil Rights division to investigate Ms. Hutchinson for potential prosecution and has convened a grand jury targeting Ms. Hutchinson for criminal indictment. *Cf.* Donald J. Trump (@realDonaldTrump), Truth Social ("Cassidy 'Trump Attacked Secret Service Agent' Hutchinson Referred for Criminal Charges") (Mar. 9, 2026, 7:54 PM) https://truthsocial.com/@realDonaldTrump/posts/

[3] Cassidy Hutchinson, *Enough* 336–38 (2023).

116201913738494775; Alan Feuer & Michael S. Schmidt, *Justice Dept.'s Civil Rights Division Is Investigating Star Witness Against Trump*, N.Y. Times (Apr. 7, 2026), https://www.nytimes.com/2026/04/07/us/doj-cassidy-hutchinson-investigation-trump.html.

Requiring further testimony about the events of January 6th is not merely an ordinary inconvenience. It is oppressive, subjecting Ms. Hutchinson, a nonparty who is currently under politicized criminal scrutiny for her previous testimony about January 6th, to rehash and restate the exhaustive testimony that she has already given and that has, already, caused her significant oppression.

## CONCLUSION

For the aforementioned reasons, this Court should grant Ms. Hutchinson's Motion to Quash.

Dated: August 20, 2026

Respectfully submitted,

/s/ Edward T. Kang

Edward T. Kang (D.C. Bar No. 1011251)
**ALSTON & BIRD LLP**
950 F Street NW
Washington, DC 20004-1404
Telephone: (202) 239-3300
Edward.Kang@alston.com

Christina Hull (Georgia Bar No. 232539)
**ALSTON & BIRD LLP**
1201 West Peachtree Street
Atlanta, GA 30309
Telephone: (404) 881-4496
Christy.Hull@alston.com
LEAD COUNSEL
*Pro hac vice to follow*

Alberto Bufalino (New York Bar No. 6272827)
**ALSTON & BIRD LLP**
90 Park Ave
New York, NY 10016
Telephone: (212) 905-9361
Alberto.Bufalino@alston.com

*Pro hac vice to follow*

*Counsel for Cassidy Hutchinson*

## CERTIFICATE OF SERVICE

I hereby certify that on August 20, 2026, a copy of Nonparty Cassidy Hutchinson's Motion to Quash, the concurrently filed brief in support of the Motion, and exhibits thereto were filed electronically through the Court's Electronic Case Filing System.

I further certify that on August 20, 2026, a copy of the foregoing Motion, brief, and exhibits were sent via email to:

Charles David Tobin
**BALLARD SPAHR LLP**
1909 K Street, NW
Washington, DC 20006-1157
Tel: (202) 661-2218
Fax: (202) 661-2299
tobinc@ballardspahr.com

*Counsel for British Broadcasting Corporation*

/s/ Edward T. Kang
Edward T. Kang (D.C. Bar No. 1011251)
**ALSTON & BIRD LLP**
950 F Street NW
Washington, DC 20004-1404
Telephone: (202) 239-3300
Edward.Kang@alston.com